UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| LANCE STEVEN ANDRA; MARK ANDREW JOHNSON; and CANDI LEE,<br><br>Plaintiffs,<br><br>v.<br><br>RYAN ARBON, et al.,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO DISMISS ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Case No. 1:22-cv-00055<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Pro se plaintiffs Lance Steven Andra, Mark Andrew Johnson, and Candi Lee brought this action against numerous named individuals, asserting a claim for "trespass." (Compl., Doc. No. 1.) Plaintiffs claim jurisdiction in this court based on diversity of citizenship. (Civil Cover Sheet, Doc. No. 1-1.) The court previously determined the complaint fails to adequately allege diversity of citizenship under 28 U.S.C. § 1332. (Doc. No. 41.) On May 6, 2022, the court ordered Plaintiffs to show cause why this action should not be dismissed without prejudice for lack of subject matter jurisdiction and required Plaintiffs to file a document alleging the citizenship of each party by May 20, 2022. (*Id.*) Plaintiffs did not file any response by that deadline or anytime thereafter. Accordingly, the undersigned[1] recommends this action be dismissed for lack of subject matter jurisdiction.

---

[1] On May 10, 2022, this case was reassigned to District Judge Howard C. Nielson, Jr. as the presiding judge and referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B). (Doc. No. 41.)

## ANALYSIS

This court has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). For this court to exercise subject-matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332, there must be complete diversity between the opposing sides: "no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). The citizenship of a person is determined by where they are domiciled; "a person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Plaintiffs' complaint does not contain allegations regarding the citizenship of the parties. Rather, it merely provides addresses for the parties—including Utah addresses for Plaintiffs and Defendants. (Compl., Doc. No. 1.) Thus, Plaintiffs' allegations are insufficient to establish complete diversity of citizenship between the parties.[2] Plaintiff has failed to cure this deficiency despite being ordered to do so.

No other basis for federal jurisdiction is apparent. Plaintiffs' complaint asserts a single claim for "trespass," which is a state law claim. *See Simmler v. Simmons*, No. 2:18-cv-981, 2020 U.S. Dist. LEXIS 182121, at *2 (D. Utah. Sep. 30, 2020) (unpublished). Plaintiff's complaint does not assert federal claims or raise any question of federal law sufficient for federal question jurisdiction under 28 U.S.C. § 1331.

---

[2] Plaintiffs filed several notices on May 4, 2022, indicating Mr. Andra is a "Montanan," Mr. Johnson is a "Utahn," and Ms. Lee is an "Illinoisan." (Doc. Nos. 29–31.) However, these documents do not expressly allege citizenship or domicile, nor do they contain sufficient allegations for the court to determine the citizenship of the plaintiffs. And Plaintiffs have not filed any document alleging the citizenship of the defendants.

## RECOMMENDATION

The undersigned RECOMMENDS the district judge DISMISS this action for lack of subject matter jurisdiction.  The court will send copies of this Report and Recommendation to Plaintiffs, who are notified of their right to object to it.  Plaintiffs must file any objection to this Report and Recommendation within fourteen (14) days of service thereof.  *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 6th day of June, 2022.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge